[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 4, 2011
JOHN LEY
CLERK

No. 09-15180
_____

D. C. Docket No. 06-00247-CV-3-MCR/EMT

STEPHEN LILLO,
as Personal Representative
of the Estate of
John R. Lillo, Jr.,

Plaintiff-Appellant,

versus

DARRELL A. BRUHN,
MATTHEW M. HOLT,
RICHARD S. BROWN,
EDMUND K. ROSSI,
HOWARD HARRAN, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 4, 2011)

Before BLACK, MARTIN and COX, Circuit Judges.

PER CURIAM:

Stephen Lillo, as personal representative of the estate of his brother John R. Lillo, brought several claims against nine Fort Walton Beach Police Department officers and two Fort Walton Beach Fire Department firefighters for alleged violations of 42 U.S.C. § 1983. Following discovery and a hearing, the district court concluded the officers were entitled to qualified immunity and thus granted summary judgment in their favor. In its order granting summary judgment, the district court *sua sponte* raised the issue of the firefighters' right to qualified immunity and instructed Lillo to respond and show a genuine issue of material fact for trial on his claims against the firefighters. Following Lillo's response, the district court determined the firefighters were also entitled to qualified immunity as a matter of law. After a thorough review of the record and the parties' briefs, and having the benefit of oral argument, we affirm.[1]

First, there was no error on the part of the district court when it *sua sponte* raised the issue of qualified immunity for the firefighters. The district court put Lillo on notice that he had to come forward with evidence regarding the firefighters. It was within the district court's authority to subsequently determine that the firefighters were entitled to qualified immunity as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).

---

[1] We review a district court's rulings on motions for summary judgment *de novo*, applying the same legal standards that bound the district court. *Kingsland v. City of Miami*, 382 F.3d 1220, 1225 (11th Cir. 2004).

Second, the district court did not err in granting summary judgment to the officers and firefighters based on qualified immunity. Qualified immunity protects municipal officers from liability in § 1983 actions as long "as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The goal of the qualified immunity test is to "avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment." *Id.* As such, courts are to resolve "immunity questions at the earliest possible stage in litigation." *David Case, Associated Investigators, Inc. v. Eslinger*, 555 F.3d 1317, 1325 (11th Cir. 2009) (citation omitted). The record does not support a conclusion that the conduct of the officers and firefighters, who were acting within their discretionary authority, amounted to a clearly established constitutional violation.

**AFFIRMED.**